966 F.2d 1455
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald WALDECKER, Plaintiff-Appellant, Cross-Appellee,
v.
UNITED STATES GYPSUM COMPANY, Defendant-Appellee, Cross-Appellant.
 Nos. 91-1853, 91-1926.
 United States Court of Appeals, Sixth Circuit.
 July 2, 1992.
 
 Before MILBURN and ALAN E. NORRIS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, Donald Waldecker, appeals from a jury verdict in favor of defendant, United States Gypsum Company, contending that the trial court erroneously instructed the jury on the concept of intervening and superceding cause. Defendant cross-appeals, contending that the trial court should have permitted the introduction of plaintiff's witness list into evidence, and should have granted its motion for a directed verdict.
 
 
 2
 Plaintiff's claim is without merit and the jury verdict will be affirmed. As a result, this court need not reach the defensive issues presented by the cross-appeal.
 
 
 3
 After a four-day trial, the jury returned a verdict in favor of Gypsum. As part of its deliberations, the jury completed a verdict form. The first question on this form read as follows: "Was U.S. Gypsum negligent in one or more of the ways claimed by the plaintiff?" The jury answered "No" to this question and therefore proceeded no further. It was not until the third question that the jury was queried concerning superceding or intervening cause. Accordingly, since the jury found that defendant was not negligent and never reached the question of superceding negligence of plaintiff, plaintiff is unable to show any prejudice, even if we were to conclude that he is correct concerning the shortcomings he perceives with the instruction.
 
 
 4
 For the reasons stated, the judgment of the district court is affirmed.
 
 
 5
 Because plaintiff's arguments are wholly without merit, and it was obvious that this appeal must result in affirmance, we determine that the appeal is frivolous, and award double costs to defendant. Fed.R.App.P. 38.